Theodore W. MAKSE et al.,
Plaintiffs–Appellants,

v.

UNITED STATES CIVIL SERVICE
COMMISSION et al.,
Defendants–Appellees.

No. 79–3023.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 8, 1980.

Decided Nov. 5, 1980.

Alan J. Ross, Benesch, Friedlander, Coplan & Aronoff, Norman S. Buckvar, Cleveland, Ohio, for plaintiffs–appellants.

James R. Williams, U. S. Atty., Cleveland, Ohio, Patrick M. McLaughlin, Asst. U. S. Atty., Cleveland, Ohio, for defendants–appellees.

Before EDWARDS, Chief Judge, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiffs in this case are employees at the Wade Park Veterans Administration Hospital in Cleveland, Ohio, and subject to Civil Service Commission regulations with respect to job classifications and pay rates.

On August 19, 1975, the hospital director notified them that subsequent to new Commission job rating standards, they were being reclassified from Plant Operator, WG–12 to Utility Systems Repairer Operator, WG–11. This change represented a demotion and plaintiffs were notified they had 10 days to respond.

After filing an answer detailing reasons why their position should not be reclassified, the hospital superintendent notified them by letter that their demotion was final and effective September 28, 1975. The letter contained the following statement regarding their appeal rights concerning the demotion:

> "Your appeal rights are explained in the attachment to this notice. Mr. Gary Dahl, Personnel Management Specialist, will provide you any additional information or explanation about the appeals procedure you may require."

The superintendent's letter had told plaintiffs that in order to file an adverse action appeal, said appeal had to be forwarded to the Federal Employee Appeals Authority of the Civil Service Commission in Chicago not later than 15 days after the effective date of their demotion. In that appeal plaintiffs could challenge both the demotion and the reclassification decision.

The plaintiffs sought to follow this appeal route and prepared a letter of appeal to the Federal Employee Appeals Authority, which they dated September 26, 1975.

On October 10, 1975, plaintiffs submitted this letter to Gary Dahl, the personnel management specialist named in the superintendent's letter as the source of "any additional information or explanation about the appeals procedure you may require." Mr. Dahl indicated to the plaintiffs that submission to him would be sufficient.

Nonetheless, on November 5, 1975, FEAA notified the plaintiffs by letter that the appeal was not timely and informed them that they had three days to explain why the tardiness was caused by circumstances beyond their control. Plaintiffs responded by letter explaining the initial submission and their reliance on Mr. Dahl's representation which was substantiated by a letter from Dr. Samuel L. Aspis, the Hospital Director, who recommended that the appeal not be denied on the basis of untimeliness. The FEAA then entered a decision on November 20 rejecting plaintiffs' appeal again.

While another method of appealing their change of classification was available to plaintiffs, they were informed that they could not challenge the Veterans Administration reclassifying procedures, nor could they recover backpay under this challenge to the classification. Subsequently the plaintiffs did file a classification appeal with the VA in Washington which was rejected by the Commission which led to the filing of this action in District Court.

Contrary to the rulings of the District Judge, this court finds that the action of the Civil Service Commission outlined above in dismissing the original appeal was clearly arbitrary and capricious. We make this observation on the assumption that this action is governed by the Administrative Procedures Act, 5 U.S.C. § 702 (1976). We, of course, note the conclusion of the District Court who heard this case and dismissed it:

> "In this case, plaintiffs were explicitly informed in writing of their appeal rights and the method by which to perfect those rights. In total disregard of the written notice, plaintiffs elected to pursue an undefined, improper method. Thus, plaintiffs' dilemma is of their own doing. On this record, it cannot be said that the Commission abused its discretion or acted arbitrarily and capriciously in denying plaintiffs' administrative appeal."

We believe a federal employee told to consult a specific employment supervisor concerning an appellate procedure and who is advised by that person that appeal of a Civil Service Commission decision can be appropriately left with him is entitled to place some reliance upon such assurance. The statement of Dahl should be binding on the government, at least to the extent of requiring that the delayed filing in strict accordance with the instructions be excused, as was provided for by resolution. The appeal must be processed as timely filed.

The judgment of the District Court is reversed and the case is remanded for entry of an order giving effect to this per curiam opinion.